RECEIVED
JAN 23 2019
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 4:19-cr-005 |
| v. | INDICTMENT |
| MARTIN JAMES TIRRELL, | T. 18 U.S.C. §1029(a)(5),(c)(1)(A)(ii) |
| | T. 18 U.S.C. § 1341 |
| Defendant. | T. 18 U.S.C. § 1343 |
| | T. 18 U.S.C. § 1344(1) |

**THE GRAND JURY CHARGES:**

### Introduction

At all times material to this indictment:

1.  The defendant, MARTIN JAMES TIRRELL, was a resident of Windsor Heights and West Des Moines, Iowa, in the Southern District of Iowa.

2.  The defendant, MARTIN JAMES TIRRELL, marketed himself as sports ticket broker.

3.  The defendant, MARTIN JAMES TIRRELL, established and owned two entities, MT Consultants LLC, and 62 and Even, Ltd.,

4.  "Investors" were individuals who provided money to MARTIN JAMES TIRRELL for the purpose of TIRRELL purchasing sporting event tickets, paying back Investors the proceeds, and sharing the profits with the Investors.

5.  Victim "Investors" include, but are not limited to: R.W.; G.C.; J.W.; P.I.; S.K.; S.F.; D.D., and T.J.; for approximate losses to the Victims of over $1.5 million.

**The Scheme and Artifice to Defraud**

6. From at least on or about September 2016, and continuing through at least on or about December 2017, in the Southern District of Iowa and elsewhere, MARTIN JAMES TIRRELL, defendant herein, knowingly devised, intended to devise, and participated in a scheme and artifice to defraud Investors, and to obtain money from Investors by means of materially false and fraudulent pretenses, representations, and promises, and by intentional concealment of material facts.

7. It was part of the scheme that MARTIN JAMES TIRRELL told Investors they had an opportunity to make money by financing TIRRELL'S brokering of sporting event tickets. TIRRELL claimed he was able to make profits by buying and re-selling tickets to major sporting events.

8. It was further part of the scheme that MARTIN JAMES TIRRELL told Investors he would pay Investors back the proceeds they paid for the sporting event tickets purchased, as well as split any profit from the tickets between TIRRELL and the Investors.

9. It was further part of the scheme that MARTIN JAMES TIRRELL gained the Investors' trust by initially paying Investors back the proceeds they invested, along with any profits TIRRELL claimed to have made from the sale of the tickets; and/or he provided Investors with VIP access to sporting events, as part of TIRRELL'S effort to appear legitimate.

10. It was further part of the scheme that MARTIN JAMES TIRRELL eventually did not use Investors' money for the purchase of sporting event tickets. TIRRELL instead kept all or large portions of the funds provided by Investors and used

the funds for unauthorized purposes. These uses of money that were unauthorized by the Investors included TIRRELL expending monies for TIRRELL'S personal use, and TIRRELL directly repaying other Investors.

11. In furtherance of the scheme, and in an effort to continue to defraud Investors, TIRRELL, through use of the mail, telephone text messages, and electronic mail, would promise Investors they would receive their money; and claimed he needed more time to pay Investors; and he would mail insufficient funds checks to Investors; and transmit false money wire information to Investors to place the Investors temporarily at ease.

12. In furtherance of the scheme, MARTIN JAMES TIRRELL, defrauded financial institutions by engaging in check kiting and submitting false debit card fraud claims, in an effort to fraudulently obtain monies and pay back Investors and/or obtain monies for his personal use.

### Counts 1
### (Mail Fraud)

13. Paragraphs 1-12 of the Indictment are re-alleged and incorporated herein.

14. On or about the date set forth below, in the Southern District of Iowa and elsewhere, the defendant, MARTIN JAMES TIRRELL, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, and to obtain money and property by means of false and fraudulent pretenses and representations, did knowingly cause to be delivered by Federal Express, a commercial interstate carrier, letters or other matters as identified below:

| Count | Date | Nature of Mailed Item |
|---|---|---|
| 1 | 11/10/2016 | Letter and four insufficient funds checks totaling $335,522, sent via Federal Express to Burlington, Iowa, from TIRRELL to R.W. |

This is a violation of Title 18, United States Code, Section 1341.

**THE GRAND JURY FURTHER FINDS:**

<u>Counts 2 and 3</u>
**(Wire Fraud)**

15.   Paragraphs 1 – 12 of the Indictment are re-alleged and incorporated herein.

16.   On or about each of the dates set forth below, in the Southern District of Iowa and elsewhere, the defendant, MARTIN JAMES TIRRELL, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, and to obtain money and property by means of false and fraudulent pretenses and representations, did knowingly cause to be delivered by means of wire in interstate commerce, monies as identified below:

| Count | Date | Nature of Wired Item |
|---|---|---|
| 2 | 9/14/2017 | J.W., via State Bank in the Northern District of Iowa, processed by Quad City Bank and Trust in the Southern District of Iowa, by way of interstate wire from the Federal Reserve in Chicago, Illinois, wired $15,000 to TIRRELL'S account located at Wells Fargo Bank, in the Southern District of Iowa. |
| 3 | 9/15/2017 | J.W., via State Bank in the Northern District of Iowa, processed by Quad City Bank and Trust in the Southern District of Iowa, by way of interstate wire from the Federal Reserve in Chicago, Illinois, wired $77,836.34 to TIRRELL'S account located at Wells Fargo Bank, in the Southern District of Iowa. |

Each of the above counts is a violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER FINDS:**

<u>Count 4</u>
(Access Device Fraud)

17. From at least on or about October 2016 until on or about November 2016, in the Southern District of Iowa, the defendant, MARTIN JAMES TIRRELL, did knowingly and with the intent to defraud effected transactions with an access device issued to another person, to wit: an American Express Credit Card issued to G.C., to receive payments and any other things of value during any one-year period the aggregate value of which was equal or greater than $1,000, with said conduct and activity affecting interstate commerce.

This is a violation of Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii).

**THE GRAND JURY FURTHER FINDS:**

<u>Count 5</u>
(Bank Fraud)

18. On or about July 5, 2016, in the Southern District of Iowa, the defendant, MARTIN JAMES TIRRELL, did knowingly execute, and attempt to execute, a scheme or artifice to defraud a financial institution insured by the Federal Deposit Insurance Corporation, Bank of the West, by depositing a check from OTB, Off Track Betting of Iowa, via Bank of the West's mobile banking platform, for $13,885 into TIRRELL'S 62 and Even, Ltd., account, when TIRRELL had previously negotiated the same check at another financial institution.

This is a violation of Title 18, United States Code, Section 1344(1).

**THE GRAND JURY FURTHER FINDS:**

<b><u>Count 6</u></b><br><b>(Bank Fraud)</b>

19.  From on or about October 2, 2017, to on or about November 17, 2017, in the Southern District of Iowa, the defendant, MARTIN JAMES TIRRELL, did knowingly execute, and attempt to execute, a scheme or artifice to defraud a financial institution insured by the Federal Deposit Insurance Corporation, Wells Fargo Bank, by submitting seven false fraud claims relating to his debit card, that reported 144 unauthorized debit card transactions were conducted on his account between March 26, 2017, and November 16, 2017, totaling $82,733.74, when, in fact, the debit card transactions were not fraudulent and TIRRELL had made those debit card transactions.

This is a violation of Title 18, United States Code, Section 1344(1).

**A TRUE BILL.**

FOREPERSON

Marc Krickbaum
United States Attorney

By: _____
Rachel J. Scherle
Assistant United States Attorney